THE PEOPLE OF THE STATE OF NEW YORK ex rel. ABRA-
HAM LEHMAN, Respondent, *v.* CONSOLIDATED FIRE ALARM
COMPANY, Appellant.

First Department, June 16, 1911.

**Mandamus — corporation — inspection of books by stockholder.**

Where upon an application by a stockholder for a peremptory writ of
mandamus compelling the corporation to permit him to inspect its
books, the relator upon the hearing instead of asking for an alternative
writ stands upon the moving papers and the opposing affidavits he is in
the position of a demurrant.

Mandamus will not issue to compel a corporation to permit a stockholder
to inspect its books and papers if the purpose of such examination is to
furnish information to the president of a competing company, and so to
embarrass the respondent.

APPEAL by the defendant, the Consolidated Fire Alarm Com-
pany, from an order directing that a peremptory writ of man-
damus issue commanding the appellant, its officers and agents
to permit the relator to examine and inspect its books, papers,
documents and records and to take extracts therefrom.

*Peter B. Olney,* for the appellant.

*Jay C. Guggenheimer,* for the respondent.

MILLER, J.:

It is settled in this State that a stockholder has the right for
a proper purpose and at a proper time and place to inspect the
books of his corporation; and that, if that right is denied him
by the officers of the corporation, the Supreme Court may in its
sound discretion issue a writ of mandamus to compel an
inspection. (*Matter of Steinway,* 159 N. Y. 250.)

Instead of asking for an alternative writ, the relator stood
upon the moving papers and the opposing affidavits, and he is,
therefore, in the position of a demurrant. (*Matter of Stein-
way, supra,* and cases cited at p. 254 of the opinion.) It is
charged in the opposing affidavits that the motive of the rela-
tor was to obtain information to furnish to the president of a
competing company, who had at various times attempted to

get information as to the appellant's contracts, prices and methods of doing business; and in support of that charge, affidavits were presented of two persons who had made affidavits for the relator, to the effect that they were procured to make such affidavits by the president of said competing company. An examination will not be allowed for an ulterior purpose or to embarrass the corporation. (*Matter of Pierson,* 44 App. Div. 215; *Matter of Kennedy,* 75 id. 188; *Matter of Taylor,* 117 id. 348.)

The order should be reversed, with ten dollars costs and disbursements, and the petition denied, with costs.

INGRAHAM, P. J., McLAUGHLIN, CLARKE and DOWLING, JJ., concurred.

Motion denied, with ten dollars costs.